230 June 3, 2026 No. 482

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of O. R.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

O. R.,
*Appellant.*

Deschutes County Circuit Court
25CC03891; A188832

Owyhee Weikel-Magden, Judge pro tempore.

Submitted April 10, 2026.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Order dated September 12, 2025, prohibiting purchase or possession of firearms reversed; otherwise affirmed.

_____

* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Appellant appeals from a supplemental judgment recommitting her to the custody of the Oregon Health Authority for an additional period not to exceed 180 days, and an order prohibiting the purchase or possession of firearms, entered in September of 2025. Appellant contends that the court erred in ordering the firearm prohibition on the basis that circuit courts lack the statutory authority to issue firearm prohibition orders in recommitment proceedings. The state agrees that preservation should be excused because petitioner had no notice of or opportunity to object to the order. The state also concedes that, unlike the statutory scheme for initial commitments, the statutory mechanism for recommitment does not authorize a circuit court to issue a firearm-prohibition order. We accept the concession and reverse the firearm-prohibition order.

As relevant here, once commitment proceedings are initiated under ORS 426.070, and following a hearing, if the court determines by clear and convincing evidence that a person has a mental illness and is in need of treatment, it "[s]hall order that the person be prohibited from purchasing or possessing a firearm if *** there is a reasonable likelihood the person is a danger to self or others, or to the community at large, as a result of the person's mental or psychological state ***." ORS 426.130(2)(a)(D).[1] Following a recommitment hearing, by contrast, ORS 426.307(6) empowers the court to "order commitment to the authority for an additional indefinite period of time up to 180 days" upon determining that "the individual is still a person with mental illness by clear and convincing evidence and is in need of further treatment" but does not include a provision authorizing the court to enter a firearm-prohibition order. Appellant was prohibited from purchasing or possessing firearms at the time of her initial commitment, in July of 2025; that order remains in effect until appellant obtains relief from the prohibition, as provided in ORS 426.130(5) (once a firearm prohibition order is entered pursuant to ORS 426.130(2)(a)(D), it remains in effect unless the person

---

[1] ORS 426.070 and ORS 426.130 have been amended since appellant's commitment proceedings; however, since the amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

obtains relief from the prohibition from the Psychiatric Review Board or under federal law). The firearm prohibition entered following appellant's recommitment, however, lacked statutory authorization and is reversed.

Order dated September 12, 2025, prohibiting purchase or possession of firearms reversed; otherwise affirmed.